UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA C. MCCOLGAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MUTUAL OF OMAHA INSURANCE COMPANY,<br><br>　　　　　Defendant. | No.  2:13-cv-02417-JAM-DAD<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

　　　This matter is before the Court on Defendant Mutual of Omaha Insurance Company's ("Defendant") Motion to Dismiss (Doc. #4) Plaintiff Sandra C. McColgan's ("Plaintiff") Complaint (Doc. #1). Plaintiff opposes the motion (Doc. #11).  Defendant replied (Doc. #15).[1]  Plaintiff submitted objections (Doc. #9) to the declarations submitted by Defendant (Doc. #4-2, 4-4).  Defendant responded to those objections (Doc. #16).  For the following reasons, Defendant's Motion to Dismiss is GRANTED.

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for January 22, 2014.

1

# I. BACKGROUND

According to the allegations in the Complaint, in November 2006, Plaintiff's husband, Michael McColgan ("Decedent"), entered into a contract with Defendant insuring him against death due to accidental causes. Comp. ¶ 6. Plaintiff was the named beneficiary under the terms of the policy. In September 2012, Decedent accidentally suffered a fatal fall. Decedent made timely payments of the premiums up until his death.

Plaintiff alleges that Defendant was thereupon obligated to pay her the sum of $500,000 pursuant to the agreement. Comp. ¶ 8. Despite her demand for full payment, Defendant has received only $100,000. Id. ¶ 9. She has attached to the Complaint a copy of the application completed by Decedent and the certificate of insurance. Id. Exh. A. Plaintiff acknowledges that she is not in possession of the entire policy, but alleges that it is in Defendant's possession. Id. ¶ 6.

Plaintiff alleges two causes of action against Defendant: (1) Breach of Insurance Contract (Bad Faith) and (2) Fraud in the Inducement. She first argues Defendant breached the contract by failing to pay the full amount of the policy, $500,000. Plaintiff further alleges Defendant fraudulently induced Decedent to purchase the policy, misrepresenting to him that the policy would provide Plaintiff with $500,000 upon his accidental death, regardless of the exact nature of it, when in fact there were varying benefits depending on the cause of death. Plaintiff alleges that Decedent justifiably relied on these material misrepresentations and that Plaintiff has been damaged in the amount of $400,000, the difference between the amount paid out by

2

Defendant and the full coverage of the policy as represented to Decedent.

## II. ANALYSIS

### A. Legal Standard

A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  To survive a motion to dismiss a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 556 U.S. 662, 570 (2007).  In considering a motion to dismiss, a district court must accept all the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972).  "First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must sufficiently allege underlying facts to give fair notice and enable the opposing party to defend itself effectively."  Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011), cert. denied, 132 S. Ct. 2101, 182 L. Ed. 2d 882 (U.S. 2012).  "Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."  Id.  Assertions that are mere "legal conclusions" are therefore not entitled to the presumption of truth.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555).  Dismissal is

1 | appropriate when a plaintiff fails to state a claim supportable
2 | by a cognizable legal theory.  <u>Balistreri v. Pacifica Police</u>
3 | <u>Department</u>, 901 F.2d 696, 699 (9th Cir. 1990).
4 |       Upon granting a motion to dismiss for failure to state a
5 | claim, a court has discretion to allow leave to amend the
6 | complaint pursuant to Federal Rule of Civil Procedure 15(a).
7 | "Dismissal with prejudice and without leave to amend is not
8 | appropriate unless it is clear . . . that the complaint could not
9 | be saved by amendment."  <u>Eminence Capital, L.L.C. v. Aspeon,</u>
10 | <u>Inc.</u>, 316 F.3d 1048, 1052 (9th Cir. 2003).
11 |      B.   <u>Judicial Notice and Evidentiary Objections</u>
12 |      Defendant requests the Court to consider documents attached
13 | to two declarations of its employees, submitted in support of
14 | Defendant's Motion to Dismiss.  Plaintiff objects to both
15 | declarations and the documents attached.
16 |      In his declaration (Doc. #4-2), Paul Biler, a senior program
17 | manager in Defendant's marketing department, asserts that the
18 | documents attached as Exhibit A to his declaration are true and
19 | correct copies of the marketing materials used by Defendant to
20 | solicit customers in California during the time Decedent applied
21 | for his policy.
22 |       In her declaration (Doc. #4-4), Nicki Showalter, a senior
23 | claims analyst, asserts that attached as Exhibit A to her
24 | declaration is a true and correct copy of the Certificate
25 | Schedule and Accidental Death Insurance Certificate issued by
26 | Defendant to Decedent.  She asserts that, according to
27 | Defendant's records, the document was mailed to Decedent in
28 | November 2006.

1    Generally, the Court may not consider material beyond the
2    pleadings in ruling on a motion to dismiss for failure to state a
3    claim.  The exceptions are material attached to, or relied on by,
4    the complaint so long as authenticity is not disputed, or matters
5    of public record, provided that they are not subject to
6    reasonable dispute.  E.g., Sherman v. Stryker Corp., 2009 WL
7    2241664 at *2 (C.D. Cal. Mar. 30, 2009) (citing Lee v. City of
8    Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) and Fed. R. Evid.
9    201).  In its motion, Defendant specifically relies on the
10   "incorporation by reference" doctrine used in the Ninth Circuit:

> Under the "incorporation by reference" doctrine in
> this Circuit, "a court may look beyond the pleadings
> without converting the Rule 12(b)(6) motion into one
> for summary judgment." Van Buskirk v. Cable News
> Network, Inc., 284 F.3d 977, 980 (9th Cir.2002).
> Specifically, courts may take into account "documents
> whose contents are alleged in a complaint and whose
> authenticity no party questions, but which are not
> physically attached to the [plaintiff's] pleading."
> Knievel [v. ESPN], 393 F.3d [1068,] 1076 [(9th Cir.
> 2005)], (alteration in original) (internal citation
> and quotation marks omitted).

18   Davis v. HSBC Bank Nevada, N.A., 691 F.3d 1152, 1160 (9th Cir.
19   2012).

20       Defendant argues the solicitation materials attached to
21   Biler's Declaration can be judicially noticed because Plaintiff's
22   allegations of fraudulent inducement make all of the documents
23   used to solicit Decedent's application a central issue.  MTD at
24   p. 8.  Defendant argues these materials accompanied the one-page
25   application Plaintiff attached to the Complaint and should thus
26   be considered by the Court.
27   ///
28       Defendant further argues that the full policy, the document

5

attached to Showalter's Declaration, is both alleged in the Complaint and central to Plaintiff's claims. MTD at p. 7. It therefore argues the Court can properly consider it.

Plaintiff contests whether or not the documents attached to Defendant's declarations were actually the documents used in conjunction with Decedent's policy or ever sent to or received by Decedent. The Court finds the documents are clearly relied on by the allegations in the complaint. The issue remaining is whether a sufficient challenge to their authenticity has been made.

Defendant cites two cases dealing with evidence introduced at the motion to dismiss stage. MTD at pp. 7-8; Reply at pp. 1-4. The first is Knievel v. ESPN, 393 F.3d 1068, 1076-77 (9th Cir. 2005), where the court considered materials submitted by the defendant in support of its motion to dismiss. However, in Knievel, the plaintiff never made any challenge to the authenticity of the documents and thus it does not bear on the specific issue now before the Court.

The second case referenced by Defendant is Davis v. HSBC Bank Nevada, N.A., 691 F.3d at 1160. In Davis, the Ninth Circuit found the district court had properly incorporated documents referenced in the complaint and later submitted by the defendant in support of its motion to dismiss. Id. at 1161. The plaintiff's only objection to the evidence was a single sentence in their opposition to the motion to dismiss. Id. The court concluded that the plaintiff's statement that there was "'no evidence that [the] documents were ever reviewed by Plaintiff or made available to Plaintiff'" did not constitute a challenge to the documents' *authenticity*. Id. at 1160-61. The court found

1  the plaintiff had numerous opportunities to properly challenge
2  the evidence, but held that "where the party opposing
3  incorporation by reference argues only that he did not review or
4  have access to the proffered copies, this does not amount to a
5  challenge to those documents' authenticity." Id.
6     Here, Plaintiff challenges the authenticity of the marketing
7  materials attached to the Biler declaration, arguing that there
8  is not credible evidence that these were the only marketing
9  materials used by Defendant; that they were always sent to
10 consumers such as Decedent; or, most importantly, whether they
11 were the materials actually sent to Decedent.  Opp. at pp. 3-4;
12 Pl. Obj. at pp. 1-2.  Although the Court can notice the documents
13 attached to the Biler declaration as marketing materials used by
14 Defendant, the Court finds the declaration and documents fail to
15 conclusively prove, beyond reasonable dispute, that these
16 documents were received by Decedent in conjunction with the
17 application form submitted by Plaintiff.  Therefore, the Court
18 denies the request for judicial notice as to the marketing
19 materials. Moreove, these materials are irrelevant to the
20 adjudication of the matter now before the Court.
21    However, the Court overrules Plaintiff's objections to the
22 materials attached to the Showalter declaration.  Plaintiff
23 contends the Court should not consider the Certificate Schedule
24 and Accidental Death Insurance Certificate because Showalter does
25 not have personal knowledge the documents were sent to or
26 received by Decedent, she does not describe the records she
27 reviewed, and she does not know whether they were actually
28 received or reviewed by Decedent.  Pl. Obj. at pp. 2-3.  The

Court finds the documents are properly authenticated business records, which the Court will view as the operative policy underlying the claims in this action and relied on in the Complaint.  As stated in Davis, Plaintiff's contention that the evidence does not prove Decedent reviewed the documents or that they were made available to him are unavailing as a challenge to the authenticity of the documents.  Davis, 691 F.3d at 1160-61. Accordingly, the Court takes notice of the documents attached to the declaration of Showalter as the Certificate of Insurance and insurance Policy underlying Plaintiff's claims and referenced in the Complaint.

    C.   Discussion

        1.   Breach of Contract – Bad Faith

Defendant contends Plaintiff's claim for breach of contract fails as a matter of law because Plaintiff has not shown any factual or legal basis indicating a breach occurred.  MTD at p. 9.  Defendant relies on the certificate schedule attached to the Showalter Declaration for its contention that the benefit owed to Plaintiff was $100,000, the amount already paid out.

The Complaint alleges that the insurance application (attached thereto as Exhibit A) indicated Decedent was purchasing an insurance policy that would obligate Defendant to pay the sum of $500,000 to Plaintiff in the event of Decedent's accidental death.  Comp. ¶¶ 6, 9-12.  However, according to the policy submitted with the Showalter declaration and noticed by the Court, due to the nature of Decedent's accidental death, Plaintiff was only entitled to a $100,000 benefit.  Because Plaintiff concedes that sum was paid out to her by Defendant, the

Complaint fails to state a claim for breach of contract.

Plaintiff argues the classifications in the policy should not be enforced because they were not clear and conspicuous and they were not received by Decedent until after he purchased the policy. Opp. at pp. 13-14, 18-19. However, Plaintiff admits in the Complaint that Decedent applied for a policy. The application indicates that Decedent was *applying* for a policy and that it was not effective until the date indicated on the Certificate of Insurance, which would be sent to Decedent. When Defendant approved the application, the certificate and policy were issued to Decedent. The Certificate Schedule (which even Plaintiff admits Decedent received) clearly identifies three levels of coverage under the plan. The Policy itself clearly lays out the three classifications. Therefore, the Court finds no good cause to disregard the clear provisions in the policy which indicate that an insured suffering an accidental and fatal injury would receive $100,000 under Classification 3.

Accordingly, the Court grants Defendant's motion to dismiss the first cause of action for breach of contract.

### 2. Fraud in the Inducement

Defendant contends Plaintiff's second cause of action for fraud in the inducement must also fail as a matter of law. MTD at pp. 10-12.

A claim for fraud in the inducement requires the following elements: "(a) a misrepresentation (false representation, concealment, or nondisclosure); (b) scienter or knowledge of its falsity; (c) intent to induce reliance; (d) justifiable reliance; and (e) resulting damage." Hinesley v. Oakshade Town Ctr., 135

1  Cal. App. 4th 289, 294 (2005) (citing Lazar v. Superior Court, 12
2  Cal.4th 631, 638 (1996).  Justifiable reliance in a fraud action
3  is ordinarily a question of fact, "[e]xcept in the rare case
4  where the undisputed facts leave no room for a reasonable
5  difference of opinion."  Blankenheim v. E.F. Hutton & Co., 217
6  Cal.App.3d 1463, 1475 (1990).

7      Defendant argues that even if Decedent only received the
8  application form, isolated from the rest of the marketing
9  materials, the Complaint fails to properly allege Decedent
10 justifiably relied on the terms of that form to conclude he was
11 purchasing a policy that would pay out $500,000 in the event of
12 his accidental death without any further terms or conditions.
13 MTD at pp. 10-12.  Plaintiff argues Defendant intentionally
14 misrepresented the coverage offered under the plans through the
15 language on the application.  Opp. at pp. 20-23.

16     Generally, "the receipt of a policy and its acceptance by
17 the insured without an objection binds the insured as well as the
18 insurer and he cannot thereafter complain that he did not read it
19 or know its terms."  Hackethal v. Nat'l Cas. Co., 189 Cal. App.
20 3d 1102, 1111-12 (1987).  "It is a duty of the insured to read
21 his policy."  Id. (citing Aetna Casualty & Surety Co. v.
22 Richmond, 76 Cal.App.3d 645, 652 (1977).  However, this rule does
23 not serve to defeat any liability for misrepresenting the terms
24 of an insurance policy.  Clement v. Smith, 16 Cal.App.4th 39, 45
25 (1993).
26 ///

27     Plaintiff argues Decedent justifiably relied on the monetary
28 figure next to the box he checked on the application for the

10

final and complete terms of his policy.  Plaintiff argues the Court should not consider the terms of the Policy which was later delivered to Decedent.  However, it is unreasonable for one to assume that the full details of an insurance policy will be detailed in one small paragraph on an application form.  See Univ. Partners, LLC v. John O. Bronson, C058893, 2009 WL 2247459, at *7 (2009) (finding the plaintiff's reliance on a single form initially presented to him "for purposes of assessing the precise coverage provided is unreasonable as a matter of law"); but see Navarro v. Sears Life Ins. Co., 2:08-CV-00527-GEBEFB, 2008 WL 3863451 (E.D. Cal. 2008) (denying a defendant's motion to dismiss where insurance agent made oral misrepresentations to induce the plaintiff's deceased husband to purchase a policy despite clear terms in policy).  Courts have found that a reasonable person will read the terms of an insurance policy to determine the extent of its coverage.  Hadland v. NN Investors Life Ins. Co., 24 Cal. App. 4th 1578, 1586-88 (1994).  The California Supreme Court has found an "insured bound by clear and conspicuous provisions in [a] policy even if evidence suggests that the insured did not read or understand them."  Sarchett v. Blue Shield of California, 43 Cal. 3d 1, 15 (1987).

The Court finds the Certificate Schedule and the policy clearly provide three categories of coverage.  Decedent's reliance on the one-page application to determine the extent of the policy's coverage is unreasonable given the clear provisions provided in the policy and the Certificate schedule, a document the application notified Decedent he would be receiving. Accordingly, the Court grants Defendant's motion to dismiss the

second cause of action.

I.  ORDER

For the reasons set forth above, the Court GRANTS Defendant's Motion to Dismiss in its entirety. The Court finds that Plaintiff's Complaint can not be saved by amendment and, therefore dismisses this action with prejudice.

IT IS SO ORDERED.

Dated: March 3, 2014

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

12